**SO ORDERED.**

**SIGNED this 13 day of September, 2010.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: | |
| **SUSAN JENKINS BOLTON,** | **CASE NUMBER: 06-03443-8-JRL** |
| **DEBTOR.** | **CHAPTER 7** |
| | |
| **SUSAN JENKINS BOLTON,** | |
| **PLAINTIFF,** | **ADVERSARY PROCEEDING** |
| vs. | **NO.: L-09-00294-8-AP** |
| **RICHARD LEWIS BOLTON,** | |
| **DEFENDANT.** | |

**ORDER**

This matter came before the court on the defendant's motion to dismiss and plaintiff's motion for judgment on the pleadings. A hearing was held on September 2, 2010, in Raleigh, North Carolina.

The plaintiff filed a Chapter 7 petition on October 27, 2006 while a case for absolute divorce from defendant and equitable distribution was pending in state court. A discharge was entered on May 14, 2007, but was revoked by an order entered on May 21, 2007 as being entered

erroneously. No judgment for equitable distribution has been entered in the state court and no further proceedings have been held on the matter. The plaintiff filed an adversary proceeding on December 21, 2009 to determine the dischargeability of any claims of the defendant, including those based on equitable distribution, because of defendant's failure to file a proof of claim.

In North Carolina, a decree of absolute divorce will destroy a spouse's right to an equitable distribution of marital property unless the right is asserted prior to a judgment of absolute divorce. N.C. Gen. Stat § 50-11(e). The parties' divorce decree, submitted to the court, states that each previously made a claim for equitable distribution before the entry of the decree and that the claim was preserved for further disposition.

It is uncontested that the parties have not settled the equitable distribution claim or reduced it to a final judgment. The plaintiff argues defendant's claim is not a debt "incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court" since it has never been adjudicated. §523(a)(15). However, a "debt" under the Code is given the broadest possible definition and includes obligations of the debtor "no matter how remote or contingent." H.R. Rep. No. 95-595, 309 (1977). The defendant's equitable distribution claim, though not adjudicated, is a contingent debt incurred by the debtor in the course of her divorce. Furthermore, the equitable distribution claim is a debt "in connection with a . . . divorce decree" and does not require a court order as argued by the plaintiff.

Other provisions of §523 similarly do not require the debt at issue to be reduced to judgment in order to be classified as nondischargeable. For example, §523(a)(9) exempts debts for death or personal injury caused by debtor's driving while intoxicated. The language of the

exception formerly applied "to the extent that such debt arises from a judgment or consent decree." Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub. L. No. 98-353 (amended in 1990). Despite the use of the term "judgment, "the exception was interpreted as including debts based on DWI claims that had not been reduced to judgment. In re Hudson, 859 F.2d 1418, 1420 (9th Cir. 1988). The Congressional intent of the exception was to prevent a race to the bankruptcy court to avoid liability for drunk driving. Birdsall v. Tulloch (In re Tulloch), 373 B.R. 370, 392 (D.N.J. 2007). Similarly, §523(a)(15) was first added to address the use of bankruptcy by debtors to evade marital obligations. Sommer & McGarity, Collier Family Law and the Bankruptcy Code §6.07A.

Since plaintiff's debt to defendant falls within §523(a)(15) as a debt owed to a former spouse in connection with a divorce decree and is nondischargable, there is no need for defendant to file a proof of claim to later collect. Although failure to file a proof of claim precludes a creditor from participating in the distribution of a debtor's estate, it does not prevent a creditor holding a nondischargable debt from collecting outside of bankruptcy. Grynberg v. United States (In re Grynberg), 986 F.2d 367, 370 (10th Cir. 1993). *See also* Dolen v. Bartleson (In re Bartleson), 253 B.R. 75 (B.A.P. 9th Cir. 2000) (holding that a confirmed plan does not preclude creditors from collecting nondischargeable debts outside bankruptcy); Fein v. United States, 22 F.3d 631, 632 (5th Cir. 1994) (finding that §523 does not discharge priority tax claims that have been neither assessed nor filed); In re Spruill, 83 B.R. 359, 361, 362 (Bankr. E.D.N.C. 1988) (holding that §523(a)(1)(A) "was intended to prevent the discharge of tax claims which were never filed or filed late but which would otherwise have been allowable."). Thus defendant can pursue his equitable distribution claim outside of plaintiff's bankruptcy.

For the foregoing reasons, defendant's motion to dismiss is **ALLOWED** and plaintiff's motion for judgment on the pleadings in her favor is **DENIED**.

**END OF DOCUMENT**